# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BETH SHOLTIS, | ) | 1:09-cv-383 LJO GSA |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) ) | |
| CITY OF FRESNO POLICE DEPARTMENT, OFFICER McCLELLAND, and OFFICER GOMEZ, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## I.

## INTRODUCTION

Plaintiff Beth Sholtis ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on March 2, 2009. Plaintiff alleges that officers of the Fresno Police Department transported her to the hospital, rather than to jail, when she was found inside another's home on February 28, 2006, but did not allow her to take her belongings with her. Upon her release from the hospital, Plaintiff called the police department, but claims they refused to help her retrieve her property. A subsequent call to a sergeant and officers in the property department also failed to result in the return of her property. Plaintiff seeks monetary relief in the total sum of $75,000.00. Upon a review of the complaint, this court recommends that the action be dismissed with leave to amend.

//

//

//

# II.

# DISCUSSION

A.  Screening Standard

In cases where plaintiff is proceeding in forma pauperis, the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

Federal Rules of Civil Procedure, rule 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

As stated above, a complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the Defendants engaged in that support Plaintiff's claim. *Id*. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief

under some viable legal theory. *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998).

B. <u>Plaintiff's Allegations</u>

Plaintiff claims that on February 28, 2006, she was homeless. Believing she had been invited inside the home by its owner, she proceeded to bathe inside a residence located at 3107 Vagedes Avenue in Fresno. The home was empty but for a couch and Plaintiff's belongings that she had stored in the living room while bathing. Plaintiff indicates that her belongings included a backpack, clothing, jewelry (including her grandmother's diamond Tiffany solitaire wedding ring), "artwork worth thousands," poetry and other written or published works.

While Plaintiff was in the bathtub, officers with the Fresno Police Department arrived. They ordered her out of the tub, handcuffed her, then instructed her to get dressed. In response to a request for identification, Plaintiff provided her checkbook and Medi-Cal card. Apparently unwanted or uninvited, the officers asked Plaintiff whether she wished to go to jail or the hospital. She was afraid, and elected to go to the hospital.

Approximately two weeks later, after being released from the hospital, Plaintiff called the Fresno Police Department about her belongings. She claims the department refused to help her get her property back. She called the Fresno Police Department again in the summer of 2006 from Ohio. She spoke with a sergeant and officers in the property department, but apparently was informed that there is no record of her belongings or property being in the care of the Fresno Police Department. Further, Plaintiff claims the Fresno Police Department refused to provide her with a copy of the police report from the incident of February 28, 2006. She wishes to be reimbursed by the Fresno Police Department for the loss her items, and specifically requests the sum of $75,000.00.

C. <u>Analysis of Plaintiff's Claims</u>

As a preliminary matter, Plaintiff has failed to state with specificity which constitutional rights Defendants have violated. Plaintiff appears to be making a claim that her property was and remains wrongfully detained and/or was destroyed by the City of Fresno and its officers. However, Plaintiff's complaint is void of establishing the court's jurisdiction because she has not

cited to any statutory or other legal authority in the complaint to establish federal court jurisdiction. In fact, she makes no mention whatsoever of the Constitution or federal law. A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
> 42 U.S.C. § 1983.

Thus, to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Here, Plaintiff has failed to allege that Officers McClelland or Gomez acted wrongfully with respect to her property. In fact, the complaint only infers that Plaintiff's property is or was in possession of the City of Fresno and/or the Fresno Police Department. Section 1983 requires that there be an actual connection or link between the actions of defendant and the deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). It is simply not clear from the complaint how Defendants deprived Plaintiff of her property.

Additionally, Plaintiff names the "City of Fresno Police Department" as a Defendant. The Fresno Police Department is not an individual, nor is the City of Fresno. As such, the "City of Fresno Police Department" is not a properly named Defendant. To the extent Plaintiff seeks to

4

pursue a section 1983 claim, the complaint fails to allege a *Monell* claim against the City of Fresno or Fresno Police Department. A local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell*, 436 U.S. at 691; *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir. 1991), *cert. denied*, 502 U.S. 899 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell*'s policy requirements." *Thompson*, 885 F.2d at 1443. Official policy may derive from "a decision properly made by a local governmental entity's authorized decisionmaker – i.e., an official who possesses final authority to establish [local government] policy with respect to the [challenged] action." *Thompson*, 885 F.2d at 1443, internal quotation marks omitted. "Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." *Thompson*, 885 F.2d at 1444. "[O]fficial policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981), internal quotation marks omitted; *see Rizzo*, 423 U.S. at 370-377 (general allegation of administrative negligence fails to state a constitutional claim cognizable under § 1983). Here, Plaintiff's complaint lacks allegations of a policy or custom and resulting constitutional violation to set forth a *Monell* claim. She does not allege either the City of Fresno or the Fresno Police Department maintained a policy or custom of destroying property owed by homeless persons the agency was transporting to a mental health or hospital facility, or to the jail facility following arrest.

Lastly, the complaint is subject to limitations defenses in that it addresses alleged wrongs committed in 2006. Federal civil rights statutes have no independent limitations period. *Johnson*

*v. State of California*, 207 F.3d 650, 653 (9th Cir.2000); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993) (California's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983 & 1985); *Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1257 (C.D.Cal.2003). The applicable limitations period is determined by borrowing the forum state's limitations period for personal injuries. *Johnson*, 207 F.3d at 653; *Abreu*, 284 F.Supp.2d at 1257. Section 1983 and related federal civil rights claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).

Pursuant to *Wilson*, the Ninth Circuit held that the appropriate statute of limitations for section 1983 and section 1985 claims brought in California is the limitation set forth in California Code of Civil Procedure section 340(3). *See Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir.1987) (deciding § 340(3) applies to claims brought pursuant to 42 U.S.C. § 1983); *McDougal v. County of Imperial*, 942 F.2d 668, 674 (9th Cir.1991) (deciding that § 340(3) applies to claims brought pursuant to 42 U.S.C. § 1985(3)); *Taylor v. Regents of Univ. of California*, 993 F.2d at 711-12 (holding that § 340(3) applies to claims brought pursuant to 42 U.S.C. § 1985). On January 1, 2003, section 340(3) was replaced with California Code of Civil Procedure section 335.1, which lengthened the limitations period for personal injury claims to two years. Although state law provides the statute of limitations for claims under sections 1983 and 1985, federal law determines when a civil rights claim accrues. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.*, quoting *Two Rivers v. Lewis*, 174 F.3d 987, 992 (9th Cir.1999). Thus, the court is concerned that any causes of action Plaintiff may assert in this case are barred by the applicable statute of limitations.

Assuming any cause of action began to accrue in "summer 2006" when Plaintiff learned there was no record of her property being in Defendants' possession, more than two years has elapsed and thus the causes of action to be asserted may be outside the statute of limitations period. Stated more plainly, if Plaintiff learned in the summer of 2006 that the Fresno Police Department did not have or no longer maintained possession of her property, she had two years from that date within which to file this action, or until mid-2008. Plaintiff filed the instant

complaint on March 2, 2009. If Plaintiff believes her claims are not barred by the applicable two-year statute of limitations period, she should set forth the basis for her belief in any amended complaint.

Based upon the above, Plaintiff fails to articulate a cognizable section 1983 claim or claims. Therefore, Plaintiff's case shall be dismissed. However, Plaintiff will be given leave to amend her complaint to cure the deficiencies listed above. An amended complaint supercedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). It must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474.

## III.
## CONCLUSION

For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff's amended complaint is due within thirty (30) days of the date of service of this order. If Plaintiff fails to file an amended complaint, the court will recommend that this action be dismissed for failure to follow a court order.

IT IS SO ORDERED.

Dated: **March 17, 2009**            **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE