# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH SHOLTIS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF FRESNO<br>FRESNO POLICE DEPARTMENT,<br>OFFICER ANTONIO ROUTE,<br>OFFICER DANIEL GOMEZ,<br>OFFICER CHRIS COOPER,<br>OFFICER RYAN STOCKDALE,<br>and OFFICER JENNIFER McCLELLAND,<br><br>    Defendants. | 1:09-cv-383 LJO GSA<br><br>ORDER DIRECTING PLAINTIFF TO FILE<br>USM-285 FORMS |

Plaintiff, appearing pro se and proceeding in forma pauperis, filed the amended complaint on April 16, 2009. Plaintiff names the City of Fresno, Fresno Police Department, and Officers Route, Gomez, Cooper, Stockdale and McClelland as Defendants and alleges claims based upon a February 28, 2006, incident.

**DISCUSSION**

A. <u>Screening Standard</u>

In cases where plaintiff is proceeding in forma pauperis, the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint

fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

B. <u>Analysis</u>

Plaintiff claims that on February 28, 2006, she was homeless. Believing she had been invited inside the home by a woman she had met in the area, and whom she believed to be the owner, she proceeded to bathe inside a residence located at 3107 Vagedes Avenue in Fresno. The doors had been unlocked, and the home was empty but for a couch and Plaintiff's belongings that she had stored in the living room while bathing. Plaintiff indicates that her belongings included clothing, personal artwork, her grandmother's diamond Tiffany wedding ring, poetry she had written and performed over the previous thirty years, and book manuscripts she hoped to publish.

Members of the Fresno Police Department arrived and ordered Plaintiff out of the tub. She was escorted, naked, into the living room where she was handcuffed and told to get dressed. She was unable to get dressed due to the handcuffs and a female officer was called to assist. Plaintiff claims the female officer grabbed her "private parts" when the two scuffled. In response to a request for identification from an officer, Plaintiff provided her checkbook and Medi-Cal card which she retrieved from her belongings stored in the room. The items were not returned.

One of the officers asked Plaintiff whether she wished to go to jail or the hospital. She was afraid, felt threatened, and elected to go to the hospital. When the ambulance arrived, Plaintiff asked the officers if she could take her belongings with her, but was told by the officers that she could not do so.

Shortly after being released from the hospital, Plaintiff went to Ohio, where she remained for about two years. Prior to leaving for Ohio however, she called the Fresno Police Department several times seeking its assistance in order to return to the home on Vagedes Avenue so that she

could retrieve her belongings. No assistance was forthcoming. In the summer of 2006, Plaintiff called the Fresno Police Department, from Ohio, about her belongings. She spoke with a Sergeant Tafoya and others in the property department, but was advised that the related police report (06-19614) did not reflect Plaintiff's property had been taken into custody as evidence.

Plaintiff's first cause of action is brought against all Defendants under 42 U.S.C. § 1983, and alleges that Defendants' policies, practices and conduct violated Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution.

Plaintiff's second cause of action is brought against all Defendants under 42 U.S.C. § 1983, and alleges that Defendants' policies, practices and conduct violated Plaintiff's right to due process of law under the Fourteenth Amendment of the United States Constitution.

Plaintiff's third cause of action is brought against all Defendants under Article 1, Section 13 of the California Constitution, and alleges that Defendants' policies, practices and conduct violated Plaintiff's right to be free from unreasonable searches and seizure under state law.

Plaintiff's fourth cause of action is brought against all Defendants under Article 1, Section 7(A) of the California Constitution, and alleges that Defendants' policies, practices and conduct violated Plaintiff's right to due process of law under state law.

Plaintiff's fifth cause of action is brought against all Defendants under Section 2080 *et seq.* of the California Civil Code, and alleges that Defendants' policies, practices and conduct failed to safeguard her personal property, failed to document the property found, and failed to make restitution to Plaintiff as its owner, or to make arrangements for retrieval of the property, in violation of mandatory duties imposed pursuant to California Civil Code § 2080 and California Government Code § 815.6.

Plaintiff's sixth cause of action is brought against all Defendants for policies, practices and conduct employed by them that interfered with, or attempted to interfere with, by threats, intimidation and coercion, Plaintiff's exercise and enjoyment of rights secured by the federal and state constitutions, and California Civil Code § 52.1.

1        Plaintiff's seventh cause of action is brought against all Defendants for policies, practices
2 and conduct employed by them that constituted an unlawful common law conversion of Plaintiff's
3 property to the possession and control of Defendants, who have refused to assist Plaintiff with the
4 retrieval of her property in any way.
5        Finally, Plaintiff's eighth cause of action is brought against all Defendants under 42 U.S.C.
6 § 1983, and alleges that through the official policies, practices and conduct employed, Plaintiff's
7 constitutional rights were violated because the City of Fresno, Fresno Police Department had a
8 policy of seizing and destroying property belonging to homeless persons.
9        The amended complaint appears to state cognizable claims for relief under 42 U.S.C. §
10 1983. Accordingly, IT IS HEREBY ORDERED that:

       1.      Service is appropriate for the following Defendants:

           Officer Antonio Route, Badge No. 1424

           Officer Daniel Gomez, Badge No. 1076

           Officer Chris Cooper, Badge No. 827

           Officer Ryan Stockdale, Badge No. 1286

           Officer Jennifer McClelland, Badge No. 1328

           City of Fresno/Fresno Police Department

       2.      The Clerk of the Court shall send Plaintiff six USM-285 forms, six summons, an instruction sheet and a copy of the amended complaint filed April 16, 2009.

       3.      Within THIRTY (30) DAYS from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

           a.      Completed summons;

           b.      One completed USM-285 form for each defendant listed above; and

           c.      Seven copies of the endorsed amended complaint filed April 16, 2009.

       4.      Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States

Marshal to serve the above-named Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure without payment of costs.

    5.    <u>The failure to comply with this Order will result in a Recommendation that this action be dismissed.</u>

IT IS SO ORDERED.

**Dated:**   **May 7, 2009**            /s/ **Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE